THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GEORGE HILL, PLAINTIFF IN ERROR.

Submitted July 7, 1905—Decided February 15, 1906.

1. A defendant can be charged in the same count of an indictment with uttering and also with exposing to the view of another an indecent picture in violation of section 53 of the act of 1898. *Pamph L., p.* 808.
2. Evidence of either uttering or of exposing to the view of another of indecent pictures will support a general verdict of guilty upon such a count.
3. Where it appears that the defendant took a person into a room in which there was a book containing indecent pictures, and, pointing to the book, said, "There they are," whereupon the person opened the book and inspected the pictures—*Held*, that the evidence was sufficient to support the charge of exposing the pictures to the view of another. *Held*, that the evidence did not support the charge of uttering the pictures.

On error to the Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, PITNEY and REED.

For the plaintiff in error, *Thomas S. Henry.*

For the defendant in error, *Henry Young,* prosecutor of the pleas.

The opinion of the court was delivered by

REED, J.   This writ of error brings up a judgment entered upon a conviction of the plaintiff in error for a violation of section 53 of the Crimes act of 1898.   *Pamph. L., p.* 808.

This section provides that any person who, without just cause, shall utter or expose to the view of another, or have in his possession with intent so to utter or expose to view or to sell the same, any obscene or indecent book, pamphlet, picture, &c., shall be guilty of a misdemeanor.

The indictment charged that George Hill did, without just cause, utter and expose to the view of two persons two obscene pictures.

The counsel for the plaintiff in error asserts that the indictment is defective in charging two distinct offences, namely, the offence of uttering and also the offence of exposing to view two indecent pictures.

If this insistence possessed any substance, it is urged at a stage of the case too late to be cognizable by this court. *Larison* v. *State,* 20 *Vroom* 258.

But this objection is entirely without substance.

The offence of uttering and that of exposing to view could each have been charged in a distinct count.   But it is not essential to the validity of the indictment that they should have been so charged.

The rule is entirely settled that if a statute makes it a crime to do this or that, mentioning several things disjunctively, the indictment may, as a general rule, embrace the whole in a single count; but it must use the conjunctive "and" where "or" occurs in the statute, else it will be defective as being uncertain.   *Bish. Cr. Pro.,* § 581; *People* v. *Davis,* 56 *N. Y.* 95, 101; *Commonwealth* v. *Grey,* 2 *Gray* 501; *State* v. *Price,* 6 *Halst.* 203, 215.

There are doubtless instances where the offences dis-

junctively set out in a statute are so dissimilar in substance that a separate count for each may be necessary.

But the offences created by the statute now under consideration are not of this kind. The acts mentioned in section 53, *supra,* all belong to the same transaction, each one of which may be considered as representing a phase of the same offence.

They could therefore, with entire propriety, be included in one count. *State* v. *Bartholomew,* 40 *Vroom* 160.

Our attention is next directed to the fact that there was a general verdict of guilty.

It is insisted that there was no evidence sufficient to support a verdict for either uttering or exposing to view, and it is further pressed that if only an exposure to view is proven, and not an uttering also, the offence charged is unproven, and judgment should be reversed.

The testimony supporting the charges was this, namely: The defendant, Hill, was in a room where there was a book lying upon a bureau. In the book were the indecent pictures. Hill pointed to this book and said to Deering, whom Hill had previously promised to show some pictures, "There they are; there are the pictures on the bureau; when you get through with them turn the gas down low." Deering went over to the bureau, or table, picked up the book and looked at the pictures. In the meantime Hill had gone into another room, but returned just as Deering, after examining the pictures, started to leave the room. Deering then asked Hill what he would charge for one of the pictures. Hill said that he would not sell it.

If the jury believed this testimony it could draw the conclusion that Hill exposed to the view of Deering the pictures, within the meaning of the statute. It is true that Hill did not himself open the book in which the pictures were concealed. But he directed Deering to where the pictures were, and invited him, by his words and conduct, to inspect them. Hill was the exhibitor on this occasion.

If he had taken Deering into a gallery of lewd pictures, each covered by a veil, and had told Deering that there were

the pictures for his inspection, it would matter nothing that Deering himself pulled aside the veils in making his examination. Hill would still be the showman. He would be the one who, in the language of the statute, exposed the pictures to view.

So, in the present case, he exposed the pictures in the book as obviously as if he himself had opened the book and thus exhibited the pictures to the visitor.

While there was thus evidence of an exposure to view, we are of the opinion that there was not evidence of an uttering of the pictures within the meaning of the statutory language. The word "utter" means to put out, to pass off. There was no attempt by Hill to do this with these pictures; to the contrary he refused to part with one of them.

It is true that there may be an uttering of forged paper or counterfeit money without an actual tradition of the paper or the money. Such an uttering rests upon a fact which cannot exist in connection with the subject-matter of the present statute. The fact upon which an uttering without delivery may exist respecting spurious money or paper is that the money or paper may be asserted to be genuine when in fact false. When the assertion is made for the purpose of deception, and to gain something by leading another to believe in the genuineness of the paper or money, it amounts to an uttering. In the language of Mr. Bishop, "An attempt to cheat by such an instrument (forged instrument) is an indictable attempt. This attempt is called in law an uttering." 2 Bish. Cr. L., § 605.

It is at once perceived that there was nothing in the exhibition of the pictures by Hill which was of the nature of a cheat.

There was no assertion that the pictures were not what they appeared to be. Indeed, the statute was not dealing with cheats. Those utterings which consist, not in passing away, but in an attempt to use paper or money as a means of deceit, have no analogy with the uttering of indecent pictures. There being no delivery of the pictures or offer to transfer them the charge of uttering them was not proved.

But it cannot be conceded that because there was evidence to support a conviction for exposure to view only, it follows that there must be a reversal of the judgment entered on the general verdict of guilty.

The general rule is that when an offence may be committed by doing one of several things, the indictment may in a single count group them together and charge the defendant with having committed them all, and a conviction may be had on proof of any one of these things without proof of the commission of the others. 4 *Ell. Ev.,* § 2714; *Rosc. Cr. Ev.* 763; 3 *Russ. Cr. & M.* 105; *Rese* v. *Middlehurst,* 1 *Burr.* 399; *Rex* v. *Hunt et al.,* 2 *Campb.* 583, 584; *People* v. *Rynders,* 12 *Wend.* 430; *People* v. *Harris,* 64 *N. Y.* 148; *People* v. *Book,* 91 *Id.* 5, 13; *Commonwealth* v. *Grey,* 2 *Gray* 50, 53; *Commonwealth* v. *Morgan,* 107 *Mass.* 199.

The verdict was good although supported only by evidence of the exposure of the pictures to the view of Deering.

It is objected in the brief of the counsel for the plaintiff in error that the trial judge misstated the evidence in his charge to the jury.

The error consisted in the statement to the jury that the state's witnesses had sworn that the defendant, Hill, opened the book and showed the pictures to Deering. This error is not specified among the causes for reversal, the whole record being certified.

But it was not an injurious error.

The question was whether Hill showed the pictures. In deciding this, it was immaterial whether Hill opened the book or invited Deering to do so.

Deering's testimony was equally credible whether he swore to the one or the other of these facts.

There is no other specification requiring remark.

The judgment should be affirmed.