THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v EUGENE NEWMAN, PLAINTIFF IN ERROR.

Submitted July 10, 1922—Decided November 20, 1922.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The grand jury of Passaic county, on the 26th day of November, 1920, presented an indictment against the plaint· iff in error, charging him with the common law offence of keeping a disorderly house in the city of Passaic, in that county, on the 1st day of May, in the year 1919, and on divers other days and times between that day and the date of the presentment of the indictment. The trial resulted in a conviction of the defendant, and he now seeks to have it set aside for errors alleged to have been committed at the trial.

"The first ground of reversal argued before us is that it was error for the court to refuse to direct a verdict of acquittal, because the proofs offered by the state showed that the offence committed by the defendant was at a place other than that laid in the indictment, and that, therefore, the defendant was convicted of an offence other than that charged by the grand jury. The proofs submitted by the state showed that the place in which the defendant was guilty of habitual violations of the law was known as No. 67 Third street, in the city of Passaic, and that these habitual violations occurred between the early part of February, 1920, and the 26th day of November of that year. It also appeared in the state's case that during a portion of the time embraced in the indictment the defendant carried on business in another place in the city of Passaic, and known as No. 125 Third street, and it is argued that, because of this state of facts, there was a variance between the proofs and the allegation in the indictment. The contention is

without substance. The averment in the indictment was that the defendant was guilty of maintaining a disorderly house in the city of Passaic, in the county of Passaic, and this is a sufficient designation of the place under our decisions. *State* v. *Uvalde Asphalt, &c.*, 68 *N. J. L.* 512; *State* v. *Pennsylvania Railroad Co.*, 84 *Id.* 550; *State* v. *Grossman*, 95 *Id.* 497. It is also settled law that in cases like the present, where the offence is continuous in its character, general allegations of time are sufficient. *State* v. *Pennsylvania Railroad Co.*, *supra*. Consequently, proof of the commission of an habitual violation of the law by the defendant within the period of time set out in the indict· ment, and at a place in the city of Passaic located by the state's testimony, is sufficient to support the charge laid against him in the indictment. .

"The next contention is that the trial court erroneously refused a motion made by counsel for the defendant during the progress of the trial for an adjournment of the case, the application being based upon the statement by counsel that he was surprised by the position taken by the prosecutor of the pleas in limiting the state's proof to the character of the business carried on by the defendant at No. 67 Third street. It is conceded that the granting of a motion of this kind rests in the discretion of the trial court, but the argument is that this discretion was abused, and that, therefore, the defendant is entitled to a review under the one hundred and thirty-seventh section of the Criminal Procedure act. We have no doubt as to the propriety of the court's action. Accepting the statement of counsel that he was surprised, and had not prepared himself to meet the case presented by the state, the situation was of his own creation. He knew, or ought to have known, that the indictment, in the form in which it was presented, covered the property known as No. 67 Third street. He knew, or ought to have known, that in the trial of the indictment that the state could not prove that the defendant had habitually violated the law within the time stated in the indictment both at No. 125 Third

street and at No. 67 Third street, for by doing that the state would have attemptel to prove two entirely distinct and unconnected criminal acts. He knew, or ought to have known, that if, after consultation with his client, he was left in uncertainty as to which one of these two places was intended to be designated by the grand jury, and desired a more specific indication of the location of the place where the offence was committed, he was entitled to demand from the state a bill of particulars thereof. *State* v. *Pennsylvania Railroad Co., supra; State* v. *Grossman, supra.* Where the surprise of counsel has resulted solely from his failure to properly prepare his defence, such surprise affords no legal ground for postponing the trial.

"A reversal is also sought because of alleged erroneous rulings with relation to the admission of evidence offered by the state. We have considered the argument of counsel upon these points and have examined the testimony, and conclude that the rulings were proper.

"The judgment under review will be affirmed."

For the plaintiff in error, *Weinberger & Weinberger.*

For the defendant in error, *J. Willard De Yoe,* prosecutor of the pleas.

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court, except that we do not wish to be understood as concurring in the statement "that in the trial of the indictment the state could not prove that the defendant had habitually violated the law within the time stated in the indictment, both at No. 125 Third street and at No. 67 Third street, for by doing that the state would have attempted to prove two entirely distinct and unconnected criminal acts." As in an indictment for keeping a disorderly house, it is only necessary to aver the place in the county wherein the disorder

JUNE TERM, 1922. 297

98 *N. J. L.*     Trenton, &c., Trac. Corp. v. Trenton.

existed, and no description of the particular house in which it was carried on is necessary, it may well be that proof of disorder during the period covered by the indictment may relate to more than one house in the locality, because the charge includes in its nature a succession and continuation of acts which form the daily habit and character of the offender. See 1 *Chit. Crim. L.* 230; 3 *Bish. New Crim. Pro.*, § 111; *State* v. *Nixon,* 18 *Vt.* 70. The decision of this question is not necessary in the case before us, and we therefore reserve it until it shall squarely arise and call for authoritative decision.

*For affirmance*—The Chancellor, Swayze, Trenchard, Bergen, Minturn, Black, Katzenbach, White, Williams, Ackerson, Van Buskirk, JJ.   11

*For reversal*—None.