21 N.J. Super. 376 (1952)
91 A.2d 257
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHARLES ASTORE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 8, 1952.
Decided September 25, 1952.
*377 Before Judges FREUND, STANTON and CONLON.
Mr. Berthold Vorsanger argued the cause for the appellant.
*378 Mr. David H. Harris, Special Deputy Attorney-General, argued the cause for the respondent. (Mr. Theodore D. Parsons, Attorney-General, attorney for plaintiff-respondent).
The opinion of the court was delivered by STANTON, J.S.C.
The appellant was found guilty as charged upon an indictment which charged that on July 18, 1949, and divers other dates, he "did make or take what is commonly known as a book, upon the running of horses, * * *."
The indictment was founded on R.S. 2:135-3, the pertinent language of which is as follows:
"Any person who shall habitually or otherwise, * * * make or take what is commonly known as a book, upon the running, pacing or trotting, either within or without this state, of any horse, mare or gelding, * * * shall be guilty of a misdemeanor * * *."
He urges that the indictment is fatally defective because the offense is charged in the alternative and that, notwithstanding Rule 1:2-19(b), which provides:
"No judgment given upon any indictment shall be reversed for any imperfection, omission, defect or lack of form, or for any error except such as shall have prejudiced the defendant in maintaining his defense upon the merits."
the judgment should be reversed. He cites State v. Flynn, 76 N.J.L. 473 (E. & A. 1909), in support of his contention. But there the decision turned on the fact that one of the matters charged in the alternative was not a crime. At page 477, Chancellor Pitney said:
"The difficulty with the indictment in the present case is of such a character that we think it is not cured by verdict and judgment, for the judgment finds the defendant guilty only of that with which he is charged in the indictment; and that does no more than to accuse him of one or the other of several matters, one of which is no offence against the law."
That is not the situation here and the cited case lends no support to appellant's contention.
*379 The appellant cites the following language from the opinion of Justice Reed in State v. Hill, 73 N.J.L. 77, at 78 (Sup. Ct. 1906):
"The rule is entirely settled that if a statute makes it a crime to do this or that, mentioning several things disjunctively, the indictment may, as a general rule, embrace the whole in a single count; but it must use the conjunctive `and' where `or' occurs in the statute, else it will be defective as being uncertain. Bish. Cr. Pro., sec. 581; People v. Davis, 56 N.Y. 95, 101; Commonwealth v. Grey, 2 Gray 501; State v. Price, 6 Halst. 203, 215."
There the statute denounced the uttering or exposing to view of obscene material. The indictment charged that the defendant did utter and expose to view obscene pictures. There was a general verdict of guilty. The judgment thereon was affirmed, although there was no proof of uttering the pictures. The court, at page 81, said:
"The general rule is that when an offence may be committed by doing one of several things, the indictment may in a single count group them together and charge the defendant with having committed them all, and a conviction may be had on proof of any one of these things without proof of the commission of the others. 4 Ell. Ev., sec. 2714; Rosc. Cr. Ev. 763; 3 Russ. Cr. & M. 105; Rese v. Middlehurst, 1 Burr. 399; Rex v. Hunt et al., 2 Campb. 583, 584; People v. Rynders, 12 Wend. 425, 430; People v. Harris, 64 N.Y. 148; People v. Book, [Bork] 91 Id. 5, 13; Commonwealth v. Grey, 2 Gray 50, 53 [501, 503]; Commonwealth v. Morgan, 107 Mass. 199."
In its opinion the court referred to Larison v. State, 49 N.J.L. 256 (Sup. Ct. 1887), but did not find it necessary to invoke the doctrine enunciated in it in support of its conclusions. In the latter case it was charged that the defendant did "send and convey" an indecent letter to a female. The indictment was based on a statute which denounced the sending or conveying of such a letter. It was held that the words "send" and "convey" imported a different mode of transmission and that the indictment consequently was technically defective; but that the defect could be cured by amendment provided the objection was taken by demurrer *380 or motion to quash before the jury was sworn. The holding in the Hill case affords no aid to the appellant's contention, while the Larison case suggests the procedure that appellant should have followed before trial.
The appellant further contends that the indictment does not charge the offense with sufficient certainty as to enable him to prepare his defense. In State v. Morano, 134 N.J.L. 295 (E. & A. 1946), there was an indictment under the same section of the statute as in the instant case, except that it was charged there that the defendants did "make and take" book. Otherwise the indictment followed the language of the statute. The court, at page 296, said:
"Certainty of description of the offense charged is a prime requisite of an indictment. This requirement that the alleged criminal act be laid in certain and identifiable form is grounded in the accused's right to such specification of the accusation as may be needful for the preparation of his defense and the interposition of a plea of autrefois convict or autrefois acquit in the event of a further prosecution for the same offense. The accused has a constitutional right `to be informed of the nature and cause of the accusation' levelled against him. State Constitution, article I, paragraph 8. It is a corollary of this principle that an offense may be charged in the words of the statute, if the statute describes it in terms that in themselves import with certainty the elements of the offense, and thus the allegation satisfies the accused's fundamental rights. The statutory language need be supplemented only where necessary to particularize and identify the offense that would otherwise be indefinite and uncertain because of the generality of the statutory language. Linden Park Horse Association v. State, 55 N.J.L. 557; State v. Schmid, 57 Id. 625; State v. Spear, 63 Id. 179; State v. Caporale, 85 Id. 495; State v. Morris, 98 Id. 621; affirmed, 99 Id. 526; Levine v. State, 110 Id. 467; State v. Tuzenew, 15 N.J. Mis. R. 584; affirmed, sub nomine State v. Suckow, 120 N.J.L. 190; State v. Lewandowski, 121 Id. 612; State v. Lisena, 131 Id. 48.
Tested by this principle, the indictment is sufficient."
The objection as to the form of the indictment as it relates to charging the offense in the alternative was made for the first time after verdict and judgment. Just before the jury was sworn the appellant moved to dismiss the indictment on the ground that "it does not set forth the necessary requirement as to information to be given to the *381 defendant," citing State v. De Vita, 6 N.J. Super. 344 (App. Div. 1950), where there was a dismissal of an indictment for lack of certainty, and he continued in this language: "This is directed particularly with reference to that portion of the indictment which states, `July 18th and divers other dates thereafter.'" There was no reference to any other part of the indictment. The present objection was not raised in that motion. It is our conclusion that under Rule 1:2-19(b) it was made too late, unless it appears that the defendant was prejudiced thereby in maintaining his defense upon the merits.
An examination of the proofs discloses that the State undertook to prove that the defendant engaged in bookmaking and that the defendant met this with a denial of any bookmaking activity on his part and an attempt to explain away certain incriminating proofs. At the conclusion of the entire case, his counsel made a motion for judgment of acquittal in the following language:
"First, that the State has proved no intent and knowledge of bookmaking as set forth in the indictment, and the witnesses' testimony previously presented here in no way indicated that the defendant here has been guilty of bookmaking in any nature whatsoever; that there was nothing found in the way of paraphernalia relative to bookmaking in the place, nor was there anything as far as the defendant is concerned except the legal selling of scratch sheets which is, of course, entirely legal.
I therefore move at this time for a direction of acquittal."
It is apparent from this that the defendant was aware of the fact that the charge against him was bookmaking and he defended upon the theory that any acts proved against him did not constitute bookmaking. In State v. Morano, 133 N.J.L. 428, Justice Parker said: "The gist of the offense is bookmaking." The appellant has not shown where he suffered any prejudice in maintaining his defense because of the form of the indictment and none is apparent to us.
A further contention is that there was error in the refusal to grant appellant's motion for judgment of acquittal. *382 This motion was made in the language set forth above. The present argument in this connection is based on the assertion that there was no proof of bookmaking activity by the appellant on July 18, 1949, the only date specifically set forth in the indictment. Examination of the indictment discloses that it charges the commission of the offense on that date and "divers other dates." The indictment was presented on June 20, 1951, and the record discloses that no demand was made for a bill of particulars. There was proof of habitual violation of the statute in question during the period beginning early in 1948 to August, 1950. Where there is a continuing offense, general allegations of time are proper and sufficient. Any further specification may be obtained in a bill of particulars. State v. Pennsylvania Railroad Co., 84 N.J.L. 550 (Sup. Ct. 1913); State v. Newman, 98 N.J.L. 294 (E. & A. 1922). Cf. State v. Johnson, 20 N.J. Super. 93 (App. Div. 1952).
The final ground argued by the appellant is that the verdict was against the weight of the evidence. There was a plenitude of evidence that the appellant accepted bets daily from employees of the Wright Aeronautical Company, opposite whose plant appellant owned property in which he conducted a taxicab office, a novelty store and a parking lot; that during the period in question four employees of that company referred to as runners, took bets from their fellow employees and brought or sent them to the appellant; bags containing the betting slips were given to him or his employee at the taxicab office, or left there; that scratch sheets were delivered daily by the defendant or his agents to the runners for distribution in the Wright plant; that settlements of the wagering were made on the following day, and that on Saturday of each week and sometimes on Monday, settlement was made with the runners whereby they received their commissions on the bets collected by them. The appellant admitted that he sold and distributed scratch sheets; that bags were left at his place of business, but that they were intended for two men whom he named and both of whom were deceased *383 at the time of the trial; that he did accept bets from the runners who testified against him, but merely as a matter of accommodation and that all of these bets were placed by him or some one in his behalf at the race track where the races in question were being run; that daily one or more of his taxis went to the race tracks, conveying thereto patrons who arranged for such transportation in advance.
It is not the function of this court to weigh the evidence. The credit and weight to be given the testimony of the witnesses is for the determination of the jury. There was ample competent evidence in the record to support the verdict. The law in this state is well settled that a verdict will not be set aside as being against the weight of the evidence unless it is so clearly against the weight as to give rise to an inference that it was the result of mistake, passion, prejudice or partiality. Levine v. State, 110 N.J.L. 467 (E. & A. 1933); State v. Cole, 136 N.J.L. 606 (E. & A. 1948); State v. Auld, 2 N.J. 426 (1949); State v. Martinek, 12 N.J. Super. 320 (App. Div. 1951). No such inference is to be found in this case.
The judgment is affirmed.