Barclay v. Brabston.

---

## PETER BARCLAY v. JAMES BRABSTON.

1. When an action on appeal from a court for the trial of small causes is in a proper condition for a trial upon the merits before the Common Pleas, and the appeal has been regularly taken and prosecuted, it is the duty of the Common Pleas to retry the cause, and not to pass upon the legality of mere procedure in the court below.

2. If a court for the trial of small causes has rendered judgment on a day when the cause was not lawfully before it, the party injured has a choice of remedies, either by appeal to the Common Pleas for a new trial, or by *certiorari* for a mere legal review.

3. On *certiorari* the judgment below will not be reversed unless the errors complained of appear on the face of the papers.

4. Unless the record shows that all the evidence below, upon a given point, is laid before this court, we cannot, on *certiorari*, decide that the verdict of the jury on that point was unsupported.

---

On *certiorari* to the Common Pleas of Middlesex county.

Argued at February Term, 1887, before Justices KNAPP and DIXON.

For the plaintiff in *certiorari*, *J. S. Voorhees.*

The opinion of the court was delivered by

DIXON, J.   The first reason assigned for the reversal of the judgment of the Common Pleas brought up by this writ is that that court refused to non-suit the plaintiff because the judgment in the court for the trial of small causes was not in accordance with the verdict of the jury there rendered.   This reason is insufficient.   When the cause is in proper condition before the Common Pleas for a trial upon the merits, and the appeal has been regularly taken and prosecuted, it is the duty of that court to retry the cause, and not to pass upon the legality of the procedure in the court below.   *Martin* v. *Thompson,* 5 *Halst.* 142; *Vannoy* v. *Givens,* 3 *Zab.* 201; *Robins* v. *Martin,* 15 *Vroom* 368.

The second reason, that the justice's judgment was rendered on a day when he had no jurisdiction of the cause, is to be disposed of on the same ground.   For such an error the defendant below had a choice of remedies, by appeal for a new trial, or by *certiorari* for a mere legal review.   *Ritter* v. *Kunkle,* 10 *Vroom* 259.   He selected the former, and it was accorded to him.

The third, fourth and eighth reasons are directed to the court's charge and refusal to charge in the Common Pleas, and the sixth and seventh reasons complain of its rulings on the admission of evidence.

There is nothing in the state of the case before us to show that these reasons are well founded in fact.   Neither the charge nor any request to charge, nor any ruling upon testimony, is exhibited upon the record.

The fifth reason is that the plaintiff was precluded from recovering by reason of a prior judgment between the same parties upon a material issue in the cause.   Whether this former judgment should estop the plaintiff depends upon whether it was rendered on the same issue as was involved in the pending controversy.   The record of the former suit throws no light on this point, and therefore it had to be decided by the jury on appeal, according to the extrinsic testimony.   Only part of the testimony given in the Common Pleas is certified

Barclay v. Brabston.

to us, and hence we cannot say that there was no evidence on which the jury could determine that issue in favor of the plaintiff. The Common Pleas refused to disturb their verdict, and in the absence of any indication to the contrary, we must assume that the court was guided by correct legal principles in so doing. Every intendment must be in favor of the judgment. *Westcott* v. *Garrison*, 1 *Halst.* 132.

Let the judgment be affirmed.