## FRANK LOUIS LIPPMAN v. JOAN MYERS.

1. A declaration in an action of tort may contain two counts, one in case and the other in trespass *vi et armis.*
2. It is not demurrable because the two counts appear to be for the same cause of action.

In tort. On demurrer to declaration.

Argued at June Term, 1890, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP, DIXON and MAGIE.

For the plaintiff, *John B. Vreeland.*

For the defendant, *C. Augustus Muir* and *George W. Forsyth.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This suit is in tort, and the declaration contains two counts, the first in trover, the other

in trespass *de bonis asportatis.* The description of the property in both counts is identical. In the second count there is no allegation that the property is other than that mentioned in the first count, but the count is silent on that subject.

There is a general demurrer to the declaration.

It is not denied that by force of the rules of this court regulating the forms and course of pleading, the action of trover may be joined in the same suit with the action of trespass *vi et armis;* but it is insisted that this authority does not legalize the combining in the same declaration of these dissimilar forms founded on the same cause of action.

But this is to overlook the purpose of the rules in question. At common law variances between the written allegations and proofs were sought to be avoided by stating in a series of counts the substantial *gravamen* of the plaintiff's action, so that some of such statements might square with the case made at the trial. In each subsequent count the cause of action was described as being "other than the subject of the antecedent counts;" but this was a mere phrase, as it was in such cases always understood that the entire course of pleading embraced, in substance, the same subject. Nevertheless, in that system there was no device whereby a variance between the case made in the evidence and the style of action adopted could be obviated or cured, and it would not be surprising if we found in the changes effected by our rules of court a redress of this technical difficulty. There is sometimes an uncertainty whether a given cause of action is remediable by an action of trespass on the case or by that of trespass *vi et armis;* and to amend this imperfection the recent change in question, if the rule be liberally construed, is well adapted.

The defendant's objection is entirely technical; it rests upon the absence of a single word, and that one of pure form, for if we insert in this second count before the description of the property the term "other," the point of supposed difficulty falls to the ground. These rules of court are amendatory, and the court is not inclined, in their application or interpretation, to subtilize them.

It may be added that if the matter complained of were objectionable, the defect could not be reached by a general demurrer.

In the present case the plaintiff is entitled to judgment.