### ROBERT N. DREW ET AL. v. THE TOWNSHIP OF WEST ORANGE.

Submitted January 10, 1900—Decided February 26, 1900.

1. An act regulating internal affairs of townships is not special because limited to townships.
2. The title of the act of March 1st, 1886 (*Gen. Stat., p.* 3646), constitutionally expresses the object of the law.
3. The title of a public statute may properly be used to denote the law embodied in the statute as modified by its amendments and supplements.

4. The act of March 1st, 1886 (*Gen. Stat., p.* 3646), does not require the inhabitants of townships to determine how much money the township committee shall expend in securing a building for township purposes.

On *certiorari.*

Before Justices DIXON, GUMMERE and LUDLOW.

For the prosecutors, *Coult & Howell.*

For the defendant, *Wm. Read Howe.*

The opinion of the court was delivered by

DIXON, J.   The object of this *certiorari* is to test the legality of the proceedings taken by the township committee of West Orange for the purchase of land and the erection thereon of a town hall, under "An act authorizing the inhabitants of townships to purchase or erect a building for township purposes," approved March 1st, 1886.   *Gen. Stat., p.* 3646.

The first objection made against the proceedings is that the act is special, because limited to townships.   This is disposed of by the recent decision of the Court of Errors in *Hermann* v. *Town of Guttenberg,* 34 *Vroom* 616.

The second objection is that the title of the act does not constitutionally express the object of the law, since the title states that the inhabitants are to be authorized to purchase, &c., while in the body of the act they are only empowered to authorize the township committee to purchase, &c.   We think the object of the law is correctly expressed in the title, the feature of the act above adverted to merely pointing out the agency through which the authority delegated to the inhabitants shall be exercised.   *Johnson* v. *Asbury Park,* 29 *Vroom* 604.

The next objection is that the ballots, by which the inhabitants voted for or against conferring authority on the township committee, stated that the proceedings were to be taken pursuant to the provisions of the act above mentioned, with-

out making any express reference to a supplement of the act passed in 1893 and modifying some of its provisions.

In contemplation of law, an act and its supplements are but one act for the purpose of construction. *Newark City Bank* v. *Assessor*, 1 *Vroom* 13, 22; *Farrell* v. *State*, 25 *Id.* 421. In the latter case this court, in construing even an incriminating provision where strict construction is the rule, held that the phrase " offences mentioned in this act," contained in section 193 of the Crimes act, approved March 27th, 1874, was applicable to an offence created by an amendment of the act approved in 1887. It follows that the title of a public statute may properly be used to denote the law embodied in the original enactment as modified by its amendments and supplements. The ballot therefore fairly expressed the purpose of the voters in pursuance of the act of 1886 and the supplement of 1893.

The next objection is that the voters did not designate the sum to be expended by the committee. The statute does not require that to be done, but itself fixes the limit of expenditure. That such a requirement exists in a distinct statute relating to buildings for fire departments, cannot warrant a judicial insertion of it in this statute.

The last objection is that the township committee has voted to award the contracts for the various kinds of work, without first approving the plans and specifications for the building as finally prepared by the architect under the supervision of the building committee.

The final approval and execution of the contracts were prevented by the writ of *certiorari*, and, if the vote to award the contracts did not imply approval of the plans and specifications (which were then fully drawn), we must presume that, before the contracts are signed, the plans and specifications, which enter into the contracts, will receive the formal sanction of the committee. At least that act will constitute their ratification by all the contracting parties.

We find no legal error in the proceedings, and they are affirmed, with costs.