TINTON FALLS TURNPIKE COMPANY v. GEORGE L. HANCE ET AL.

Argued February 21, 1900—Decided March 19, 1900.

Proceedings against the Tinton Falls Turnpike Company to compel the keeping open of its gates because its road is out of repair, must conform to the act relating to turnpike companies, approved February 24th, 1882, and its supplement approved March 23d, 1892.

On *certiorari.*

Before Justices DIXON, LUDLOW and COLLINS.

For the prosecutor, *Robert Allen, Jr.*

The opinion of the court was delivered by

DIXON, J.   The charter of the Tinton Falls Turnpike Company (*Pamph. L.* 1866, *p.* 226) authorizes it to construct two turnpikes in the county of Monmouth, one, called the main turnpike, leading from Colts Neck through Tinton Falls to Shrewsbury; the other, called the branch turnpike, leading from Tinton Falls to Woolcalt's corner, near Eatontown.

The twentieth section of the charter declares that "if the company should not keep *either* of the said roads in repair, and complaint thereof shall be made" to any judge of the Court of Common Pleas, he may take measures to compel the opening of the gates. The present complaint merely alleges that "the turnpike road located in Monmouth county, owned and controlled by the Tinton Falls Turnpike Company," is out of repair, without indicating which of the two roads is the subject of complaint. Even under the charter this is too general.

But section 20 of the charter is superseded by the supplement to the act relating to turnpike companies, passed March 23d, 1892 (*Pamph. L., p.* 194), which requires still more particularity. It provides that the complaint shall state the part of the road that is out of repair, and shall specify the particular defect. It also requires that, as a preliminary to the hearing before the judge of the Common Pleas, five days' notice in writing shall be given to the turnpike company, specifying the particular part of the road and the particular defect complained of.

These directions appear not to have been followed in the proceedings now under review, and therefore the judge did not acquire legal jurisdiction of the matter.

The proceedings must be set aside, with costs.