THE STATE OF NEW JERSEY v. THE MIDDLESEX AND SOMERSET TRACTION COMPANY.

Argued June 6, 1901—Decided November 11, 1901.

1. An indictment for neglect of public duty must set forth the special circumstances out of which the duty would arise, unless the duty is imposed by a law of which the courts take judicial cognizance.
2. A count in an indictment which charged the defendant with obstructing and failing to repair a highway, whereby it became dangerous for travel, is not double.
3. When a single offence may be committed by many means or in several ways, a count which charges its commission in several ways or by several means that are not repugnant is not double.

4. If a count attempts to charge two or more offences, but charges only one of them sufficiently, it is not double.
5. An indictment for a public nuisance need not conclude formally "to the common nuisance of all the people," &c., if it contain averments substantially equivalent thereto.

On demurrer to indictment.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GAR-RISON and COLLINS.

For the state, *John S. Voorhees,* prosecutor of the pleas.

For the defendant, *Willard P. Voorhees.*

The opinion of the court was delivered by

DIXON, J. At the April Term, 1901, of the Middlesex Oyer four indictments, each containing three counts, were presented against the Middlesex and Somerset Traction Company, for failing to keep in repair and for obstructing four public high-ways—one known as George street, in New Brunswick; one as Main street, in Metuchen; one as Main street, in the town of Washington, and one as the Woodbridge turnpike, in Raritan township. These indictments having been removed by *cer-tiorai* to this court, the defendant demurred to each count, and these demurrers have been all argued together.

The first count in each indictment, charging only neglect to repair, is bad, for while it alleges that it was the legal duty of the defendant to keep the highway in repair, and that, by rea-son of its neglect, the highway was ruinous, yet it does not set forth the facts out of which such a duty would arise. As there is no law, of which the court takes judicial cognizance, imposing that duty on the defendant, the special circumstances creating the duty must be distinctly alleged before the defend-ant can be required to answer for neglect. *2 Bish. N. Crim. Pro.,* § 1044; *State* v. *Hageman,* 1 *Gr.* 314; *State* v. *New Jersey Turnpike Co.,* 1 *Harr.* 222; *State* v. *Haddonfield and Camden Turnpike Co.,* 36 *Vroom* 97.

16 NEW JERSEY SUPREME COURT.

State v. Midd. & Som. Trac. Co. *67 N. J. L.*

The second and third counts of the indictments are clearly good in substance, for they each aver that the defendant actually obstructed and straitened the highway so that the people of the state with their vehicles could not pass without great danger to their lives and great inconvenience and damage. This is plainly a public and indictable nuisance. *State* v. *Soc. Est. Use. Man.,* 13 *Vroom* 504.

The second counts also attempt to set forth a duty to repair imposed by municipal ordinance and a neglect of that duty, and this gives rise to an objection by the defendant that each of these counts is double. But this objection should not prevail. If, as the defendant insists, the duty is not properly shown, then the objection falls, under the rule that if a count charge two or more offences, yet but one of them sufficiently, it is not double. 1 *Bish. N. Crim. Pro.,* § 440. If, on the other hand, the duty is properly shown, then the counts can be supported, on the rule that, when a single offence may be committed by many means or in one or another of several ways, then a count which charges its commission by several means or in several ways, which are not repugnant, is not double. *Id.,* § 434. In these counts the single offence is the misconduct of the defendant, resulting in the dangerous state of the highway, and the setting forth of the various details of that misconduct, both in commission and in omission, does not involve the vice of duplicity. To allege in one count all the acts by which a nuisance is constituted does not render the count double. 2 *Id.,* § 867. ·

The defendant further objects to every count that it fails to aver that the matters complained of were "to the common nuisance of all the citizens of the state passing," &c. Such is the usual form of concluding a charge of public nuisance, but our Criminal Procedure act (*Pamph. L.* 1898, *p.* 866, § 33) provides that no indictment shall be deemed insufficient "for want of a proper or formal conclusion," and this Mr. Bishop considers "the true doctrine of principle." 2 *Bish. N. Crim. Pro.,* § 864. The averment of the counts that the obstruction was such that people could not pass without great danger to

their lives or great damage and inconvenience, is equivalent, in substance, to the common form of expression.

The defendant is entitled to judgment on the first counts, and the state on the second and third counts.