THE STATE v. JOHN COONEY.

Submitted February 23, 1905—Decided February 27, 1905.

1. The title of a public statute may properly be used to denote the law embodied in the statute as modified by its amendments and supplements.
2. Section 75 of the Election law of April 4th, 1898, read in connection with section 13 of the supplement of April 14th, 1903, is applicable to an examination under oath, made for the purpose of ascertaining the name and residence of a man claiming the right to vote at a primary election.
3. In an indictment it is not necessary to state the name of a person incidentally referred to by it, unless the name is one of the matters that must be proved at the trial or that are required in order to inform the accused of the nature and cause of the accusation.

---

An indictment against the defendant having been removed to this court by *certiorari,* he moves to quash it.  The indictment is as follows:

"ATLANTIC COUNTY, *ss.*—The grand inquest of the State of New Jersey, in and for the body of the county of Atlantic, upon their respective oaths,

"*Present,* That on the thirteenth day of September, in the year of our Lord one thousand nine hundred and four, at Atlantic City, in said county and state, a primary election was held and conducted, under and in pursuance of an act of the legislature, entitled 'A further supplement to an act entitled "An act to regulate elections (Revision of 1898)," ' approved April fourth, one thousand eight hundred and ninety-eight, approved April 14th, 1903, to elect, among other things, delegates to represent the Republican and Democrat parties at the state and county conventions to nominate a candidate for governor and senator, to be voted for at the ensuing election, and on said day and place, in the third precinct of the fourth ward, a man, giving his name as John Warner, and as residing at number seven South Texas avenue, in said city, presented himself to vote, whereupon one Samuel Comly, a duly and regularly appointed challenger, challenged the right of said person to vote in the hearing and presence of one John Cooney, upon the ground that said pretended voter was not John Warner and did not reside at said number, whereupon, and in order that said person might be permitted to vote, and after being required so to do, the said John Cooney, at the time and place aforesaid, wilfully and corruptly and falsely swore that he knew said pretended voter to be John Warner, and that he resided at number seven South Texas avenue, in Atlantic City aforesaid, when in truth and fact the said person was not John Warner, and did not reside at said number, to the knowledge of the said Cooney, in consequence of which said oath said person was permitted to vote at said primary election, contrary to the form of the statute in such case made and provided, and against the peace of this state, the government and dignity of the same.

"JOSEPH E. P. ABBOTT,
"*Prosecutor of the Pleas.*"

"The following reasons are assigned for quashing the indictment in the above-stated cause:

"1. The supplement approved April 14th, 1903, to 'An act

to regulate elections (Revision of 1898),' approved April 4th, 1898, is unconstitutional and void.

"2. Section 33 of said supplement is unconstitutional and void.

"3. Said supplement has been superseded by an amendatory act, approved April 5th, 1904.

"4. The indictment charges no offense. The alleged false oath was extra-judicial and extra-statutory. There is no provision in either of the statutes cited for such an oath, and the case does not fall within section 35 of 'An act to regulate elections (Revision of 1898),' or any other provision of that act imported into either said supplement of 1903 or amendment of 1904.

"5. The facts constituting the alleged offense are not set out in the indictment with clearness and certainty sufficient for identification.

"6. The indictment does not name the man giving his name as 'John Warner,' nor allege that his name was to the grand inquest unknown.

"JOHN C. REED,
*"Attorney of Plaintiff in Certiorari."*

Before Justices DIXON, GARRISON and SWAYZE.

For the defendant, *John C. Reed* and *Gilbert Collins.*

For the state, *Robert H. McCarter,* attorney-general.

The opinion of the court was delivered by

DIXON, J. The first and second reasons above stated were not discussed, because counsel for defendant assumed that such discussion was foreclosed in this court by the decision in *Hopper* v. *Stack,* 40 *Vroom* 562. We therefore refrain from considering them.

Respecting the third reason, we think the averment of the indictment, that the primary election to which it refers was held under the act of April 14th, 1903, legally imports that

it was held under that act as amended by the act of April 5th, 1904, such being the form of the statute when the election was held. *Drew* v. *West Orange,* 35 *Vroom* 481.

As to the fourth reason, the oath, under which the defendant is charged with false swearing, seems to have been authorized by section 75 of the Election law of April 4th, 1898 (*Pamph L., p.* 237), read in connection with section 13 of the supplement of April 14th, 1903, known as the Primary Election law. When the man giving his name as John Warner presented himself to vote at the primary election, his right to vote at the succeeding final election became at once a matter on which, under said section 75, the board of registry and election was empowered to examine any person under oath. The name and residence of the person claiming the right to vote were proper elements of such examination.

Under the fifth reason no defect was mentioned other than those specified in the fourth and sixth reasons.

As to the last reason, we think the failure of the grand jury to state the real name of the man who gave the name of John Warner is not a fatal defect. It certainly would not be necessary at the trial to prove his real name, and section 33 of our Criminal Procedure act (*Pamph. L.* 1898, *p.* 866) declares that "no indictment for any offense shall be held insufficient for want of the averment of any matter unnecessary to be proved." So that it is only essential on this point that, in the language of our constitution, the accused should be informed of the nature and cause of the accusation. For this purpose we consider the averments of the indictment adequate. The indictment sets forth circumstances by which the person intended may be as readily distinguished from others as if his name were given.

The motion to quash is denied.