HARRY JACKSON, PROSECUTOR, v. ERNEST BURDGE, THE SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, AND WALTÉR H. WRIGHT, JUSTICE OF THE PEACE IN AND FOR THE COUNTY OF OCEAN, DEFENDANTS.

Submitted October 6, 1919—Decided June 30, 1920.

1. Section 3 of the act of 1915 (*Pamph. L., p.* 387), which provides that all persons summarily arrested for violating the provisions of an act for the prevention of cruelty to animals (*Pamph. L.* 1880, *p.* 218), shall be tried before any magistrate within the county nearest to where the offence or offences were committed, does not confer exclusive jurisdiction on the justice residing or having an office nearest the place where the offence was committed.

2. Jurisdiction in cases of violation of the act for the prevention of cruelty to animals (*Pamph. L.* 1880, *p.* 218) is conferred by *Pamph. L.* 1915, *p.* 387, on all justices of the peace of the county, except in places where there is a District Court.

On *certiorari*.

Before Mr. Justice KALISCH by consent.

For the prosecutor, *David A. Veeder.*

For the defendants, *Halsted H. Wainright* and *Wilfred H. Jayne, Jr.*

The opinion of the court was delivered by

KALISCH, J. The facts are presented by a stipulation in writing entered into by counsel of the respective parties. The conviction in this case was had in a justice court in a summary proceeding against the prosecutor for violating section. 13 of an act entitled "An act for the prevention of cruelty to animals," approved March 11th, 1880. *Pamph. L.* 1880, *p.* 218.

By the stipulation dated November 13th, 1919, it is agreed by counsel that the complete record of the justice of the peace in the present case is endorsed on the back of the complaint, and is as follows:

"The New Jersey Society for the Prevention of Cruelty to Animals.

"Complaint of Ernest Burdge *v.* Harry Jackson. Judgment, $100. Costs, $6.14."

The return of the justice of the peace, dated December 15th, 1919, purports to send to this court the judgment of conviction, complaint and all proceedings in the present case, and the justice certified that on November 1st, 1919, he being at Barnegat City, in the county of Ocean, Ernest Burdge, an agent for the New Jersey Society for the Prevention of Cruelty to Animals, arrested without warrant Harry Jackson, then and there found in the presence of such agent inflicting unnecessary cruelty and abuse upon two mules by driving said mules attached to a farm wagon loaded with stone, while said mules were suffering from painful raw sores on both shoulders, upon which the harness pressed and grated, in violation of section 13 of an act entitled "An act for the prevenvention of cruelty to animals," approved March 11th, 1880; and that the said Henry Burdge then and there brought the said Harry Jackson before him and that said Burdge thereupon made oath to the complaint sent up which complaint was duly filed by him; and that the said Harry Jackson having heard the same read voluntarily confessed the facts as charged in the complaint to be true, and that it manifestly appeared that he was guilty by his own confession, and that thereupon the said Jackson was convicted and adjudged guilty on November 1st, 1919, of inflicting unnecessary cruelty, &c. (setting out the charge as made in the complaint), and it is adjudged for his offence "the said Harry Jackson hath forfeited the sum of one hundred dollars and six dollars and forty-four cents costs of suit."

· The justice certifies under his hand and seal that the return as made by him is a true transcript from his docket.

It is evident that at the time the stipulation was entered into by counsel, the justice had not made up his docket and that accounts for the discrepancy between the statement in the stipulation and the return. No case or statute has been referred to which indicates that a justice of the peace in such cases is required to make up his docket without delay.

The chief ground relied on by the prosecutor for a reversal of the judgment is, that the justice was without jurisdiction to hear and determine the case.

The argument in support of this contention is that section 16 of the act of 1880 above referred to requires that where a person is found violating the provisions of the statute, in the presence of any of the officers designated in said section, such offender may be arrested without warrant by the officer in whose presence the offence was committed, and shall be taken by him "before the nearest magistrate or justice of the peace or court as aforesaid, there to be proceeded against according to law." That the justice of the peace before whom the prosecutor was taken, though temporarily nearest to the place where the alleged offence occurred, and at the time the arrest was made, yet, nevertheless, was not a justice of the peace residing nearest to the place where the offence was committed and for the commission of which offence the prosecutor was arrested.

That the stipulation shows that the justice of the peace before whom the prosecutor was taken and tried resides and has his office in Toms River, whereas one William H. Spangler was a justice of the peace of the county of Ocean, residing and having an office in the village of Barnegat and was the nearest resident justice of the peace to the place where the offence was committed and where the prosecutor was arrested; and that by virtue of section 3 of the act of 1915 (Pamph. L., p. 387), which provides that "all persons summarily arrested for violating the provisions of any act for the prevention of cruelty to animals shall be tried before * * * any

magistrate within the county nearest to where the offence or offences were committed," it was clearly intended to confer exclusive territorial jurisdiction on the justice of the peace residing nearest to the place where the offence was committed.

I do not think that the statute intended to confer exclusive jurisdiction on the justice residing or having an office nearest the place where the offence was committed. In the first place, the statute does not so declare in express terms. Secondly, jurisdiction in this class of cases is conferred by the act on all justices of the peace of the county, except in places where there are district courts, &c. Thirdly, the provision of the statute is obviously for the benefit of the accused. This benefit an accused may waive if he sees fit.

In the present case, according to the return made to the writ and the stipulation, no objection was made to the justice of the peace entertaining jurisdiction. The accused did not demand to be taken before any other justice of the peace, nor did he object to being tried before the magistrate before whom he was brought and arraigned for trial. The justice had jurisdiction of the subject-matter. He acquired jurisdiction of the person because the prosecutor did not object.

But as the statute does not require that the accused shall be brought and tried before a justice of the peace residing or having an office nearest to the place where the offence was committed, but only "before *any magistrate* in the county *nearest* to where the offence or offences were committed," and since it is unquestioned that the magistrate in the present case was *nearest* to the place where the offence was committed by the prosecutor, it follows that his jurisdiction to hear and determine the case cannot be successfully challenged.

Judgment will be affirmed, with costs.