## Essex County Court of Common Pleas.

### State of New Jersey

*v.*

### James L. Mason.

**Motor Vehicles—Driving While in an Intoxicated Condition— The Statutes, Rights of Defendant, Power of Court, Appeal, Etc., Considered at Length.**

On appeal from the Irvington recorder's court opinion.

*Mr. Charles H. Stewart,* for the state.

*Mr. Harold Simandl,* for the defendant.

Stickel, Jr., J.

The defendant was convicted before the Irvington recorder's court for driving an automobile while under the influence of intoxicating liquor and sentenced to thirty days in the county jail. He appealed to this court and the case has been retried.

The evidence entirely satisfies me that the defendant was driving the automobile while he was under the influence of intoxicating liquor, and the only questions in the case are those relating to the validity of the complaint and to the jurisdiction of the recorder and this court to try the defendant.

The return of the recorder shows that the defendant was arrested without a warrant, on July 16th, 1923, and was released upon depositing $100 to secure his appearance at a hearing before a magistrate. On July 20th, 1923, at the request of the defendant, the hearing was adjourned to July 27th, 1923, at which time the defendant not appearing when the case was called his deposit was forfeited. Later

he appeared and the hearing was set for August 3d, upon which date defendant appeared, a complaint was sworn to, defendant pleaded not guilty thereto, a motion to dismiss it was made and denied, the case tried and defendant found guilty. The defendant on the same day having been sentenced to thirty days in the county jail, a notice of appeal was filed and a motion to reinstate the forfeited bail granted.

The portion of section 31 of the Motor Vehicle act (*P. L. 1921 ch. 208*) called into question in this case reads as follows:

"Arrest without warrant; detention of person; hearing. Any constable or police officer, or motor vehicle inspector, or the commissioner of motor vehicles is hereby authorized to arrest, without warrant, any person violating in the presence of such constable, or police officer, or motor vehicle inspector, or the commissioner of motor vehicles any of the provisions of this act, and to bring the defendant before any magistrate of the county where such offense is committed. The person so offending shall be detained in the office of the magistrate until the officer making such arrest shall make oath or affirmation, which he shall do forthwith, declaring that the person under arrest has violated one or more of the provisions of this act, and specifying the provision or provisions violated, whereupon said magistrate shall issue a warrant returnable forthwith, and the said magistrate shall proceed summarily to hear or postpone the case as provided in sections twenty-six and twenty-seven of this act."

The recorder's return, read in the light of this section, indicates that in some respects the section was not strictly complied with. The arresting officer did not detain the defendant until the making of the complaint by the officer; did not make the complaint forthwith; but instead the police authorities, in the absence of the magistrate, released the defendant for subsequent appearance before the magistrate.

This failure of the police to detain the accused until complaint made, to make the complaint forthwith, and their act in releasing the accused for subsequent hearing, the defendant contends, deprived the magistrate of the right to later take a complaint against the defendant and to try him for the violation for which he was arrested.

In other words, the defendant contends that he should have been detained in custody until a magistrate could be located before whom a complaint could be made forthwith by the officer, a warrant issued forthwith by the magistrate and the case summarily tried, or postponed, that bail should have been denied him meanwhile, and that his release upon making a deposit to secure his subsequent appearance illegal, all of which matters deprived any magistrate of jurisdiction to try the case, and despite the court's conviction that the defendant is guilty in fact requires it to find for the defendant because of this point of law.

Such a destructive construction of the statute must find plain and unambiguous language to support it else it will not be adopted.

And section 31 does not contain language supporting such a construction. Indeed, I am unable to find anything in the section or in the statute which prohibits the course followed in this case, in view of the evident fact that the magistrate was not in his office. The section merely seeks to outline the procedure to be followed by the officer (and if he locates a magistrate, if the magistrate is in his office), the duty and power of the magistrate. Nothing is said as to what shall take place if the officer cannot locate a magistrate, if the magistrate is not in his office. The statute does not provide in such case that the accused shall be held or that he shall be released. But the manifest purpose of the section being effectively and yet in an orderly manner to enforce the law (for if a peace officer could not arrest a speeder, for instance, without a warrant, the enforcement of this law would be seriously hampered) it is not to be assumed that in giving a peace officer the right to arrest for a violation committed in his presence the legislature intended to diminish or impair the constitutional right of making bail. See *Bryan* v. *Comstock* (*Ark.*), *220 S. W. Rep. 475; 9 A. L. R. 1346.*

And, as that would be the effect of adopting the defendant's construction of the section, as that would mean that an accused charged with merely a fineable offense must,

while still presumptively and perhaps, in fact, innocent, spend a night in jail, though able and ready to give bail, and as the language permits of a construction which would allow of the release of an accused on bail, where a magistrate cannot be located, that construction, being the more reasonable one, the one more consonant with the purpose of the act, will be adopted. For it must be realized that this section applies not alone to driving a motor vehicle while under the influence of liquor, but to all motor vehicle violations, such as speeding, overloading, failure to carry lights and similar infractions, most of which are only punishable by fine.

But even though the construction of the defendant should be adopted these provisions are not of the essence of the judicial procedure, are not mandatory, but plainly directory. Chief-Justice Beasley in the case of *Proprietors of Morris Aqueduct* ads. *Jones, 36 N. J. Law 206,* in considering whether a certain provision was a directory one or a mandatory one, said that he was sure "that the following proposition is established by the large majority of these authorities, viz.: 'That every requirement of the act must have the full effect the language imports unless such interpretation of the words will lead to great inconvenience, injustice or a subversion of some important object of the act.'" Judging the instant question by this text, is it not patent that to give to the provisions in question the mandatory construction which defendant contends for would lead to great inconvenience, injustice and to a subversion of an important object of the act, and, therefore, that the legislature must have intended the provisions to be directory merely? Is it not clear that to hold that a literal compliance with these provisions is necessary as a condition precedent to the attaching of jurisdiction to try the defendant would lead to great inconvenience in requiring the magistrates to be always at their offices, or so near at hand as to be always available, or to great hardship in that if they were not always available the defendant must remain in custody without the right to bail until they were located, or to the subversion of the

right of arrest without a warrant, after certain hours, due to the probable unavailability of the magistrate and the instinctive dislike of the authorities in such circumstances to make an arrest which might require the offender to remain in custody over night?

Chief-Justice Beasley, in the case mentioned, cites the case of *Morrell* v. *Buckley, Spenc. 668,* where the provision requiring the clerk, on issuing a writ of attachment, to enter in a book to be kept for that purpose the names of the parties and the time of issuing and sealing the writ, was held to be merely directory. The court said: "The ground of that judgment is that although the duty imposed on the clerk is expressed in clear terms it could not have been the design to make the legality of the proceedings depend on the obedience of the officer to this mandate. The inconvenience and unjust consequences of such a circumstance would have been so great as to forbid the court from concluding that such a purpose was intended, in the absence of express terms or something equivalent, compelling such a construction." "This is an illustration," Chief-Justice Beasley says, "of the plain text being controlled by the plain spirit of the law." So, here, it could not have been the design of the legislature to make the legality of the proceedings depend on the obedience of the officer to the claimed mandate of the statute, particularly when such mandate is not clear and when the construction of the defendant would run counter to the instinct and experience of every police officer, to allow a man bail in almost every case, even of crime, not to speak of motor vehicle violations.

Moreover, these provisions are enacted for the benefit of a defendant, to insure prompt hearing and the disposition of the charge, and if he choses to waive these benefits certainly he may do so and when he procures his release on bail for subsequent hearing, when he secures adjournments, and when, after conviction, he applies to the court for a reopening of the bail forfeiture, and his request is granted, to say that the doing of the very acts he requested to be done, or by which he benefited, may be availed of by him to bar further

proceedings against him is to state, it seems to me, an absurdity. It is plain that the jurisdiction of the court over the defendant has been recognized and any right to object to it waived. It is also interesting to note that the objection to the complaint was taken after the plea of not guilty had been entered thereto.

In connection with this matter of waiver the case of *Jackson* v. *Burdge, 116 Atl. Rep. 727,* is interesting. In that case the statute provided that a person guilty of cruelty to animals and arrested without a warrant by the officer should be taken to the nearest magistrate or justice of the peace, and the court, after holding that the act in question did not give exclusive jurisdiction to the nearest magistrate, but that any magistrate might determine the matter, made this significant statement: *"Thirdly*—The provision of the statute is obviously for the benefit of the accused. This benefit the accused may waive if he sees fit."

And, finally, the defendant having a right of review by *certiorari,* a proceeding in the nature of *certiorari* under section 35 of the Motor Vehicle act, and a right of appeal to this court, and a trial *de novo* here, and having elected to appeal and have his trial *de novo,* has thereby waived the instant question of jurisdiction.

In *State, Steinlein, Pros.,* v. *Folwell, 53 N. J. Law 176; 20 Atl. Rep. 1079,* the court said: "Where the court for the trial of small causes had no jurisdiction over the subject-matter of the action relief can be had either by *certiorari* or by appeal. *Williamson* v. *Middlesex Common Pleas, 42 N. J. Law 386.* But when the cause of action is within the jurisdiction of the court and there was lack of jurisdiction over the party appealing, by reason of irregular adjournments, the taking of an appeal operated as a waiver of the irregularity. The remedy was by *certiorari."*

Again, in *State, Dunn, Pros.,* v. *Overseers of the Poor of South Amboy, 32 N. J. Law 275,* the court, in considering a similar question, said (at *p. 280*): "The order of the justices must show their jurisdiction, and having shown that, all the rest is procedure. If the justices have no jurisdiction

their proceedings are void and the defendant may prosecute for any attempted enforcement, or he may bring *certiorari* directly to the justices and have their orders reversed; but then there can be no appeal. But if the errors of the justices are mere errors of procedure he must elect one of two alternatives. He must either *certiorari* and reverse for these errors of procedure or appeal to the sessions and retry his cause upon the merits; but he cannot take both courses. If he appeals the sessions have jurisdiction and their order supersedes and nullifies the order of the justices." And, again (at *p. 283*) : "This was a proceeding before the sessions, by way of appeal, which from its very nature requires a new trial upon the merits, and where the sessions ought not to reverse, where it appeared that the justices had jurisdiction of the subject-matter, unless the error was such as prevented a fair trial before the sessions on the merits of the case." And in *Hurff* v. *Overseer of the City of Camden, 38 N. J. Law 287* (at *p. 288*), Mr. Justice Dixon says: "The plaintiff's appeal gave them [the sessions] jurisdiction, and on that appeal they had no concern with the mistakes in procedure below." See also *Vannoy* v. *Givens, 23 N. J. Law 201; State, Tompkins, Pros., v. Schomp, 45 N. J. Law 488 (Supreme Court)*; *Schomp* v. *Tompkins, 46 N. J. Law 608; Barclay* v. *Brabston, 49 N. J. L. 629; 9 Atl. Rep. 769.*

And the applicability of these decisions and the reasoning therein is emphasized in offenses like the present one, when it is realized that prior to the Motor Vehicle act of 1921 such offenses were punishable under the Disorderly Persons act, and the trials had thereunder reviewable either by the justice of the supreme court holding the circuit in the county in which the trial was had or by the judge of the court of common pleas in such county, not by trial *de novo,* but through an examination of the complaint, warrant, proceedings and record of conviction by the justice or judge, "that the legality of such proceedings and conviction might be reviewed and determined," and if illegal, set aside; while in 1921, when the offense was changed to a motor vehicle

violation under the Motor Vehicle act adopted that year, a trial *de novo* on appeal to this court was provided for, as well as a right of review identical with that provided when the offense was a disorderly act, except that the supreme court justice alone was vested with such reviewing jurisdiction. See section 35 of the Motor Vehicle act, (*P. L. 1921 ch. 208*). The division and separation of reviewing authority and subject-matter, it seems to me, indicates a legislative adoption of the rationale of the cases cited wholly at variance with a right in the defendant to have this court do more than try this case on its merits, jurisdiction of the subject-matter being present as here.

The next point made is that the complaint is defective in that it charges that the defendant did operate a motor vehicle "while under the influence of intoxicating liquor, and narcotic and habit-producing drug," and in that the act charged (or permit, as the case may be) to have been violated is section 3 of the act of 1921; whereas that section was amended in 1923. *P. L. 1923 ch. 136.* The only change made by the amendment was to provide that the imprisonment should be in the common jail of the county where the offense was committed.

Now, in view of the case of *State, Roeber, Pros.,* v. *Society for the Prevention of Cruelty to Animals, 47 N. J. Law 237,* it is the law that the complaint, being the foundation of the proceeding, must conform to the statute, and objection may be taken to it on appeal. But the objection to the complaint in that case went to the jurisdiction of the court over the subject-matter. The complaint as drawn in that case fails to exhibit jurisdiction over the subject-matter. The objections here, however, do not go to the jurisdiction of the subject-matter, but are purely, it seems to me, defects in form which, under the cases heretofore cited, are waived by an appeal for a trial on the merits.

But in any event, the case having been tried below as a charge of driving while under the influence of intoxicating liquor, the language "and narcotic and habit forming drug" may be rejected as surplusage, particularly as only one offense

is sufficiently charged.  *State* v. *Middlesex, &c., Traction Co., 67 N. J. Law 14; 50 Atl. Rep. 354;* while the claim that the complaint is defective because it does not allege that the offense is a violation of chapter 208 of *P. L. 1921, and the amendments and supplements thereof and thereto,* that is, that there is no express or general reference to amendments and supplements to the act, is completely answered by the case of *Drew* v. *West Orange, 64 N. J. Law 481; 45 Atl. Rep. 787,* and *State* v. *Cooney, 72 N. J. Law 76; 60 Atl. Rep. 60,* in which latter case, in considering a similar objection to an indictment, the court said: "Respecting the third reason, we think the averment of the indictment that the primary election to which it refers was held under the act of April 14th, 1903, legally imports that it was held under that act as amended by the act of April 5th, 1904, such being the form of the statute when the election was held."

In the cited case of *Drew* v. *West Orange* the court said: "In contemplation of law an act and its supplements are but one act for the purpose of construction," citing two cases. It then proceeds: "It follows that the title of a public statute may properly be used to denote the law embodied in the original enactment, as modified by its amendments and supplements."

Finding no merit in the objections made to the proceeding, and being satisfied on the facts of the guilt of the defendant, I find him guilty of driving an automobile while under the influence of intoxicating liquor, in violation of section 3 of chapter 208, *P. L. 1921,* as amended by chapter 136 of the laws of 1923.