CITED *in Lair* v. *Killmer,* 1 *Dutch.* 525; *State* v. *Malloy,* 5 *Vr.* 413.

---

### RICHARD FRANCISCO v. THE STATE.

1. When a criminal warrant issued in one county is endorsed by a justice of another county according to the statute, and the accused is arrested in the county of the justice endorsing the warrant, it is the duty of the constable to take the accused before the justice endorsing the warrant, or some other justice of the same county; and taking him out of that county before a justice of the county in which the warrant was issued, without first taking him before a justice of the county in which he was arrested, is an assault and false imprisonment, although no actual violence was used.

2. An assault or battery and false imprisonment may be charged in the same count of an indictment without duplicity, and the defendant may be convicted of the false imprisonment and acquitted as to the battery.

3. The courts of Oyer and Terminer and General Jail Delivery have "terms" fixed by statute.

This cause came up upon a writ of error to the Passaic Oyer and Terminer removing the proceedings, conviction, and judgment upon an indictment found against the plaintiff in error for an assault, battery, and false imprisonment of John S. Darcy. Upon this indictment a verdict had been found of guilty, as to the assault and false imprisonment, and not guilty, as to the battery.

The facts appear in the opinion of the court.

*A. Gifford* and *J. Scott,* for plaintiff; *Barkalow,* for the state.

POTTS, J.    Richard Francisco, the plaintiff in error, was indicted at the Passaic Oyer and Terminer in September term, 1848, for an assault and battery upon, and false imprisonment of, one John S. Darcy, jun.    He was tried in *April* term, 1849, and found guilty of the assault and false imprisonment, but not of the battery.

The facts of the case, as they appeared in evidence, were briefly these: The defendant was a constable of Essex county, and had in his hands a warrant, issued by Justice Plume, of that county, for the arrest of Darcy, who resided in Passaic county.    Francisco went into Passaic, and obtained an endorsement on the warrant, under the hand of a justice in that county, pursuant to the statute, *Rev. Stat.* 227, § 12, and thereupon arrested Darcy; refused to take him before the justice who endorsed the warrant, or any justice in Passaic, carried him to Justice Plume, in Essex county, late at night, and took him from thence to his own home, and lodged him in his house until morning.    This was the assault and imprisonment for which the defendant was convicted.    It not appearing that any corporal force was used in carrying the said Darcy to Essex, the jury did not find the battery.

The provisions of the statute, above referred to, are very plain.    A constable going with a process from one county to arrest a person in another county, is out of his territorial jurisdiction the moment he crosses the county line, and must invoke the aid of the magistracy of such foreign county before he can proceed a step in the execution of his writ.    The endorsement of the writ by a magistrate of such county simply confers upon him the powers prescribed by the statute.    These are " to apprehend and carry such offender before the justice or justices who endorsed such warrant, or some other justice or justices of such other county where such warrant was endorsed," in order, if the offence is bailable, that the prisoner

may give bail; and " in case the offence for which such of-
fender shall be apprehended in any other county shall not be
bailable in law by a justice of the peace, or such offender
shall not give bail for his or her appearance at the next Court
of Oyer and Terminer and General Jail Delivery or of Gene-
ral Quarter Sessions of the Peace to be held in and for the
county where the offence was committed, to the satisfaction of
the justice or justices before whom such offender shall be
brought in such other county, then the constable so appre-
hending such offender shall carry and convey such offender
before one of the justices of the peace of the proper county
where such offence was committed, there to be dealt with ac-
cording to law."

The counsel for Francisco insisted that the warrant having
been properly endorsed, the arrest under it was legal; and
Darcy being legally in custody, the carrying him out of the
county and detaining him was, at most, but an abuse of au-
thority, for which the officer is only liable to a civil suit. But
it is a sufficient answer to say, that the act complained of in
this case was not done under color of authority. The process,
as endorsed, authorized him to do one thing, and he did a to-
tally different thing. It authorized him to arrest Darcy, and
take him before a magistrate in Passaic, and, instead of doing
that, he arrested and carried him into Essex. He had no more
right to do so than he had to carry him out of the state or the
country, and the moment he exceeded his authority he made
himself a wrong-doer, *ab initio*, and liable to a criminal, as
well as a civil prosecution; for an illegal interference with the
liberty of the citizen is an offence against the state. *Archb.
Crim. Law* 254–5.

Another error alleged is, that the indictment charges several
misdemeanors in a single count, to wit, an assault and battery
and false imprisonment. There is nothing in this. The assault,
the battery, the false imprisonment, though in themselves sep-
arately considered they are distinct offences, yet collectively
they constitute but one offence—the seizure and forcible de-
tention of a person illegally and against his will is technically
such an offence. It is held that a man may be indicted for the

battery of two or more persons in the same count without rendering the count bad for duplicity. 2 *Burroughs* 984, *Rex* v. *Banfield and Saunders*. Besides this, it is, to say the least, doubtful whether, if there was error in this respect, it could be made the subject of a motion in arrest of judgment or writ of error, the defendant having pleaded not guilty, and the issue having been found against him. *Arch. Crim. Pl.* 25. The indictment in this case is in accordance with approved and long established precedents. *Ib.* 253.

As to the other points, it is equally clear that there is no error. The verdict was, that the defendant was guilty of the assault and false imprisonment, and not of the battery; and this is sufficient. An assault and false imprisonment does not necessarily include a battery, and the jury may find the defendant guilty of part of the offence, and not guilty as to the rest. 1 *Ch. Crim. Law* 250, 51. 1 *Russell on Crimes* 607.

It appears, by the record, that the indictment was found in the Passaic Oyer and Terminer and General Jail Delivery in September term, 1848, and the case was continued from *term* to *term* until it was finally tried; and it is insisted that there are no *terms* of the said court, strictly speaking. The statutes of this state, however, establish " *terms* " for this court, and this is a conclusive answer to the objection. *Rev. St.* 253; *Pamph. L.* 1850, *p.* 115; *P. L.* 1851, *p* 317.

OGDEN, Justice, concurred.

Judgment affirmed.