THE STATE, DEFENDANT IN ERROR, v. HAROLD J. FAULKS, PLAINTIFF IN ERROR.

Submitted March 23, 1922—Decided June 7, 1922.

1. *Semble,* that on an indictment for carnal abuse under section 115 of the Crimes act, of a female under sixteen years of age, if it appear that on the date charged in the indictment the female was above the age of sixteen years, the indictment cannot be amended by the court to charge a date prior to her arriving at said age.

2. The pendency of a former indictment is not good ground for the quashing of a subsequent indictment for the same offence unless the latter be vexatious; and this is true even although the former indictment has been brought to trial and the trial thereon suspended.

3. On an indictment for carnal abuse alleging the offence to have been committed on a certain date, previous similar acts by and between the same parties may properly be given in evidence. Following *State* v. *Snover,* 65 *N. J. L.* 289, and *State* v. *Cannon,* 72 *Id.* 46.

---

On error to the Essex County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the state, *J. Henry Harrison,* prosecutor of the pleas, and *A. Leslie Price,* assistant prosecutor.

For the plaintiff in error, *Kraemer & Siegler.*

The opinion of the court was delivered by

PARKER, J. The defendant was convicted of carnal abuse of a young girl under sixteen years of age. *Comp. Stat., p.* 1783, § 115. The conviction is brought before us for review both on strict bill of exceptions and on certificate of the entire record of the proceedings at the trial under section 136 of the Criminal Procedure act. The assignments and causes for reversal are identical except that the latter contain a specification that the verdict was against the weight of evidence. The other three assignments and causes are as follows: First, that evidence was admitted to show acts of carnal abuse upon other occasions prior to that specifically charged in the indictment. The next, that the court refused to quash the indictment upon which the defendant was tried, upon the ground that there was pending a previous indictment alleging the commission of the same offence; and, lastly, that the court refused arrest of judgment when thereto moved. The motion in arrest of judgment was made upon the same ground as the motion to quash and the same considerations apply to both motions.

We take up first the objection of another indictment pending. As to this, it appears that the first indictment was found at the April term, 1921, and charged an act of carnal abuse as having been committed on the 31st of December, 1920. When this indictment was moved for trial, it immediately appeared that on the date specified in the indictment the girl was over sixteen years of age and, consequently, that there could not be a conviction of carnal abuse thereunder. The prosecutor then moved to amend the indictment by changing the date of the offence to October 9th, 1920, and this amendment appears to have been allowed by the court. We are not directly concerned with the propriety or otherwise

of this action because the trial upon the former indictment was suspended and no further proceedings have been had thereon, the present conviction being under a second indictment hereinafter referred to. It may be as well, however, to say that the particular amendment made would seem to be beyond the authority of the court because it manifestly varied the substance of the indictment in such a way that the defendant, if the amendment were proper, would be convicted thereon of the offence of carnal abuse, whereas, at best, under the indictment as it originally stood, he could not have been convicted of more than fornication. This was, consequently, reading in by amendment a crime which was not effectively charged by the original and makes applicable the decision of the Court of Errors and Appeals in the recent case of *State* v. *Sing Lee*, 94 *N. J. L.* 266. It is quite likely that the prosecutor perceived this difficulty and that it was for this reason that the second indictment was found at the September term of court charging the act as having been committed on the date read into the first indictment by amendment. On this second indictment the defendant was then brought to trial, and the motions to quash and in arrest of judgment were based on the proposition that there was another indictment for the same alleged crime pending. It also appeared that the jury empaneled at the first trial had not been discharged, so that the situation of the case under the first indictment was that of a partially completed trial.

On this point our conclusion is that the motions to quash and in arrest of judgment were properly denied. As to the motion in arrest of judgment, it may be sufficient to say that it is elementary law that such a motion can only be made upon matter apparent upon the face of the strict record, and that there is nothing in the present record to indicate the pendency of any former criminal proceeding for the same cause. This is apart from the merits of the point, which, however, we consider is not well taken. It seems to be settled law that the pendency of another indictment against the defendant for the same offence is in general no ground

for quashing, the criminal law not forbidding there being against one person two similar indictments at the same time. 1 *Bish. N. Cr. Pro.*, § 770; 1 *Bish. N. Cr. L.*, § 1014, ¶ 3, and cases cited. The pendency of an indictment is said not to constitute jeopardy. 16 *C. J.* 237. It may be that the state can be compelled to elect on which indictment to proceed. 22 *Cyc.* 410. But that question is not before us for decision. In 1 *Chit. Crim. L.* *301, we find that, "In a case where there was a joint indictment against two for perjury which on the trial the court inclined to think bad and the trial was postponed, pending which a separate indictment against one of the parties was preferred, the court refused to quash the latter indictment, no vexation appearing." This passage of a well-known text book is almost precisely in point and, with the other authorities, satisfies us that in the absence of any case of vexation appearing, a defendant is not entitled to have an indictment against him quashed on the mere ground that another indictment in the same cause is pending against him, even though trial thereon may have been begun and been postponed for reasons satisfactory to the court.

The next point made is the admission of testimony to previous similar offences by the same defendant committed upon the same female. For the admission of this testimony the trial court had the authority of *State* v. *Snover*, 65 *N. J. L.* 289, and *State* v. *Cannon*, 72 *Id.* 46, which, of course, are controlling upon us and are dispositive of the point for present purposes.

Finally, it is said that the verdict was against the weight of evidence. We have examined the evidence with care and are unable to agree with counsel that the verdict of guilty of carnal abuse under the statute was against the weight of evidence. It may be conceded that much of the evidence taken in the case tended to justify the conclusion that the sexual intercourse between the parties had been, from a practical standpoint, voluntary on her part; but it must be borne in mind that the offence denounced by the statute is the unlaw-

ful and carnal abuse of a woman child over the age of twelve and under the age of sixteen, with or without her consent, and we have no hesitation in saying that so far as related to acts of sexual intercourse between the young girl and the defendant, the evidence was quite sufficient. Whether such intercourse was with or without her consent is beside the mark.

The judgment will, accordingly, be affirmed.