16 N.J. Super. 360 (1951)
84 A.2d 650
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THE PENNSYLVANIA RAILROAD COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 5, 1951.
Decided November 26, 1951.
*362 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. John E. Toolan argued the cause for appellant (Messrs. Toolan, Haney & Romond, attorneys).
Mr. John B. Molineux, First Assistant-Prosecutor, argued the cause for the State (Mr. Alex Eber, Middlesex County Prosecutor, attorney).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The Pennsylvania Railroad Company made application under Rule 4:5 for leave to appeal from an order entered in the Superior Court, Law Division (Criminal), consolidating 84 indictments numbered 24747A to 24830A, inclusive, for trial together; the county prosecutor consented to the hearing of the appeal, and we granted the *363 application. Cf. State v. Shipley, 10 N.J. Super. 245 (App. Div. 1950).
On February 6, 1951, at Woodbridge, New Jersey, a wreck occurred on the railroad operated by the defendant, the Pennsylvania Railroad Company, in which 84 persons lost their lives. The county prosecutor conducted an investigation of the wreck and as a result of this investigation certain evidence was presented to the Middlesex County grand jury and the grand jury returned 84 separate indictments against the defendant corporation for manslaughter. Indictment No. 24747A charged: "* * * The Pennsylvania Railroad Company did feloniously kill and slay Jerome E. Kappel contrary to the provisions of R.S. 2:138-5 * * *." Cf. R.S. 2:188-11; Rule 2:4-11; State v. Bunk, 4 N.J. 461 (1950). The other indictments were identical, except for the name of the person allegedly killed. The order under appeal was entered on the motion of the State.
Before the trial court, and in this court, the State admitted that all the deaths alleged in the 84 separate indictments resulted from the one wreck and that "the several offenses charged arose out of the same transaction and that the evidence to prove one of these offenses will be the same as to prove the others, save for the single fact of the identity of the person killed." In New Jersey this admission is tantamount to a concession that although 84 separate indictments were returned, the State really charges this defendant with one criminal offense of manslaughter. Cf. State v. Cosgrove, 103 N.J.L. 412 (E. & A. 1927); but see the conflict of authorities on this question in cases annotated in 172 A.L.R. 1062, 113 A.L.R. 222. When only one criminal offense is to be charged, it should be charged in one indictment. As was said in State v. Cooper, 13 N.J.L. 361, 371 (Sup. Ct. 1833): "Some act of commission or omission lies at the foundation of every crime. And that a simple consequence of an act should be severed from the act itself, and possess independently all the necessary ingredients of crime, is a violation of sound philosophy, and, as I think, of law." *364 When several indictments based upon the same criminal offense are returned, the law gives protection to the defendant by affording him a substantial right; namely, the opportunity, after trial on one of these indictments, to bar prosecution on any one of the remaining indictments by a plea of autrefois convict or autrefois acquit, as the case may be. State v. Cosgrove, above; cf. State v. Rosa, 72 N.J.L. 462 (E. & A. 1905).
The power of the trial court to consolidate indictments for trial depends upon Rule 2:5-4. This rule provides: "The court may order two or more indictments or accusations to be tried together if the offenses and the defendants, if there is more than one, could have been joined in a single indictment or accusation. The procedure shall be the same as if the prosecution were under such single indictment or accusation." (Italics supplied.) The rule applies only when "offenses" are charged in separate indictments, and the only indictments which may be consolidated for trial under this rule are those which charge distinct and separate offenses which could have been joined in a single indictment. Since the indictments which were consolidated under the order under appeal really charge only a single criminal offense, the trial court lacked power to grant the motion of the State. Our conclusion does not prevent the return of a single comprehensive indictment against the defendant. State v. Faulks, 97 N.J.L. 408 (Sup. Ct. 1922); 27 Am. Jur., Indictments and Informations, § 16; 42 C.J.S., Indictments and Informations, § 34.
The order is reversed.