21 N.J. Super. 550 (1952)
91 A.2d 430
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GUIDO PERRELLA, ALSO KNOWN AS FRANK PERRELLA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 8, 1952.
Decided October 3, 1952.
*552 Before Judges FREUND, STANTON and CONLON.
Mr. Walter D. Van Riper argued the cause for the appellant (Mr. Albert S. Gross on the brief).
Mr. David H. Harris, Special Deputy Attorney-General, argued the cause for the respondent (Mr. Theodore D. Parsons, Attorney-General, on the brief).
The opinion of the court was delivered by CONLON, J.C.C.
The defendant was convicted in the Bergen County Court on both of two counts of an indictment charging him with the crime of embracery. He was sentenced to from two to three years in State Prison and a fine of $1,000 on each count, the prison sentences to run concurrently, the fines to be separate on each count.
On his appeal to this court the defendant makes only two contentions: (1) that the trial court committed reversible error in failing to charge his second request to charge; and (2) that he was not lawfully amenable to a separate sentence on each count of the indictment.
The second request to charge was as follows:
"Reasonable doubt may be engendered by lack of evidence. If the State failed to produce evidence sufficient to satisfy you of the guilt of the defendant beyond a reasonable doubt, he is entitled to an acquittal even though that doubt may be engendered merely by lack of production of evidence by the State."
The request encompassed a correct statement of law and, nothing else appearing, the failure to charge it constitutes reversible error. State v. Andrews, 77 N.J.L. 108 (Sup. Ct. 1908); State v. DePaola, 5 N.J. 1 (1950). However, *553 it was not error for the court to refuse to charge the request if the principle therein enunciated is otherwise included in the charge. State v. Myers, 7 N.J. 465 (1951); State v. Tansimore, 3 N.J. 516 (1950).
In the instant case the court gave the conventional charge as to the presumption of innocence, the burden of proof, the principle that the defendant was entitled to the benefit of reasonable doubt, defined reasonable doubt and then added: "Should you feel a reasonable doubt as to any essential or material element in the evidence submitted to you by the State, you will give the defendant the benefit of that doubt; otherwise you will not." The defendant contends that the charge as delivered contained the same erroneous statement as that quoted in State v. DePaola, supra, the effect of which was to restrict the jury in its application of the rule of reasonable doubt to a doubt that arose from the evidence produced by the State and thus precluded the rule that such doubt may be engendered by lack of evidence. The fair import of the charge as a whole includes the principle, among others, that the defendant should be acquitted unless the evidence of the State was sufficient to overcome the presumption of his innocence beyond a reasonable doubt. That being so the substance of the request was implicit in the general charge and the failure to charge the request was not error.
While the merits of defendant's contention have been considered and while it may be argued that a meticulous reading of the charge indicates that the element of lack of sufficient evidence might have been explained more specifically, the point is not properly before the court. Obviously both the trial judge and the defense counsel were of the opinion that the subject matter of the second request was covered in the general charge. Whether it was or not is rendered immaterial by the following colloquy between the court and counsel at the conclusion of the charge:
"THE COURT: I have some requests to charge. Number one, I will deny, but number two, Mr. Gross, I think I have substantially charged for you; likewise number three and four.
*554 MR. GROSS: Thank you sir.
THE COURT: Let the officer be sworn so that the jury may retire. Are there any exceptions?
MR. GROSS: No sir, the charge is satisfactory to the defendant.
THE COURT: The jury may now retire."
Rule 1:2-19(a) provides:
"Error * * * in the charge of the court or, in the refusal to charge as requested by the defendant * * * shall be cause for reversal if specific objection thereto was made and it appears from the entire record of the proceedings had upon the trial that the defendant * * * suffered manifest wrong or injury."
Rule 2:7-8(b) provides:
"No party may urge as error any portion of the charge or omissions therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds for his objection. Opportunity shall be given to make the objection out of the hearing of the jury."
The reason for these rules is two-fold: first, to save the defendant his ground of appeal; and second, and perhaps more importantly, to inform the trial judge of the objection and the grounds therefor so that he may avail himself of the opportunity, before the jury retires, to correct inadvertent misstatements in his charge and thus avoid errors and the consequent necessity of retrials. Cf., State v. Woodworth, 121 N.J.L. 78, at page 86 (Sup. Ct. 1938). It is the duty of trial counsel to avail himself of the opportunity to make his objection, otherwise he is precluded from raising the point on appeal. In the instant case, defendant's attorney not only failed to object to any portion of the charge, but on the contrary categorically expressed his approval of it. Therefore the alleged error is not properly before this court.
The defendant, in his brief, while admitting that no objection was made to the failure to charge as requested, asks this court to consider the point by virtue of the provisions of Rule 1:2-19(a) which provides, in part, as follows:
*555 "The court may, however, notice plain errors affecting substantial rights of the defendant, although they were not brought to the attention of the trial court."
Suffice it to say that the error complained of does not even approximate a plain error affecting the substantial rights of the defendant.
The defendant is correct in his contention that separate sentences on each of the two counts of the indictment of which he was convicted were not justified.
The material allegation of the first count charges that the defendant did attempt to corrupt and influence a juror "by offering and promising to him a sum or sums of money so that he would incline to be more favorable to one Wallace S. DePuy" in the trial of an indictment then pending against DePuy. The second count charges that the defendant "did attempt to beforehand instruct the juror so that he would incline to be more favorable to one Wallace S. DePuy" in the trial of DePuy.
The evidence of the State upon which the conviction was based emanated from a single conversation between the defendant and a witness Harold G. Wells who had been summoned on the jury panel for the pending trial of DePuy. The conversation took place under circumstances that might be considered surreptitious and Wells testified in effect that the defendant asked him not to attempt to be excused from jury service but to serve and be favorable to DePuy and that "I don't remember his exact words  either he would see I was taken care of, or he would take care of it financially."
That evidence did not warrant a conviction on both counts. Since the two counts charged only one crime, a timely motion or a proper request to charge would undoubtedly have elicited from the court a ruling clarifying the situation. A conviction on the first count would have precluded a trial on the second since the evidence necessary to sustain the second count would have been sufficient to secure a legal conviction on the first. A prosecution for any part of a single crime bars any further prosecution based upon the whole or *556 any part of that crime. These principles have recently been fully discussed by Justice Heher in State v. Labato, 7 N.J. 137 (1951), and it is clear that the submission to the jury of both counts of the indictment constituted double jeopardy. However, there is no reversible error. Rule 1:2-19 (c) provides:
"If a judgment of conviction shall be reversed for error in the sentence, the appellate court may render such judgment as should have been rendered, or may remand the cause to the court in which the conviction was had for proper and lawful sentence."
For the reasons herein stated the judgment of conviction is affirmed but the cause is remanded to the Bergen County Court to the end that the sentence imposed under the second count be vacated. Since the prison term on the two counts were concurrent, the practical result will be merely to remit the fine of $1,000 imposed on the second count.