30 N.J. Super. 507 (1954)
105 A.2d 450
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
OSCAR HOWLEY, DEFENDANT-PETITIONER.
Superior Court of New Jersey, Appellate Division.
Argued May 17, 1954.
Decided May 21, 1954.
*508 Before Judges CLAPP, FRANCIS and SCHETTINO.
Mr. George Pellettieri argued the motion for defendant.
Mr. Frank H. Lawton argued the motion for the State (Mr. Mario H. Volpe, attorney).
The opinion of the court was delivered by CLAPP, S.J.A.D.
Motion is made for leave to appeal from an order refusing to dismiss an indictment for manslaughter. The indictment is in two counts, charging the defendant with the felonious slaying of two persons, naming one in the first count and the other in the second count; save for this, the two counts are alike in effect. According to the State, the two persons named were in an auto which was struck by a train because of the failure of defendant, a gate tender, to lower the gates at a crossing.
The defendant argues strenuously that if the indictment is permitted to stand in its present form, he is being prosecuted twice for the same offense. Besides, he asserts, there is confusion about the State as to the proper form for an indictment in a case such as this.
The prosecutor agrees that the defendant is charged in the indictment with but a single offense and a single unlawful act. State v. Pennsylvania Railroad Co., 16 N.J. Super. 360 (App. Div. 1951), affirmed 9 N.J. 194 (1952); Woodford v. People of the State of New York, 62 N.Y. 117 (Ct. App. 1875); State v. Perrella, 21 N.J. Super. 550 (App. Div. 1952); cf. Commonwealth v. Carroll, 131 Pa. Super. 357, 200 A. 139 (Super. Ct. 1938). That being so, there is, in our opinion, no warrant for splitting the allegations here into two counts. See Francisco v. State, 24 N.J.L. 30, 33 (Sup. Ct. 1853); cf. State v. Middlesex & Somerset Traction Co., 67 N.J.L. 14 (Sup. Ct. 1901); Farrell v. State, 54 N.J.L. 416 (Sup. Ct. 1892); O'Regan and Schlosser, New Jersey Criminal Practice (rev. ed.), § 196; R.R. 3:4-7.
*509 In view of the situation disclosed on the argument and in view, too, of the State's consent and of the lack of objection upon the defendant's part, we shall invoke our original jurisdiction (R.R. 1:5-4) and order the indictment amended (R.R. 3:4-5; State v. Weleck, 10 N.J. 355, 376 (1952)) so as to include in a single count the allegations now set out in the two counts.
The motion for leave to appeal is denied.