54 N.J. Super. 355 (1959)
148 A.2d 880
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
CHRIS GLEITSMANN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 15, 1958.
Decided March 6, 1959.
*356 Before Judges PRICE, HALL and GAULKIN.
Mr. Charles E. Joelson, Deputy Attorney General, argued the cause for plaintiff-appellant (Mr. David D. Furman, Attorney General of New Jersey, attorney; Mr. John J. Bergin, Deputy Attorney General, on the brief).
Mr. Thomas McNulty argued the cause for defendant-respondent (Messrs. Milton, McNulty & Augelli, attorneys; Mr. Joseph Keane of counsel; Mr. Thomas J. Brady on the brief).
*357 The opinion of the court was delivered by PRICE, S.J.A.D.
The State appeals from an order of the Hudson County Court dated June 11, 1958 dismissing the second count of an indictment returned by the Hudson County Grand Jury. It also appeals from a further order of the said Hudson County Court dated June 17, 1958 denying the State's motion to vacate the prior order and reinstate the second count and dismiss the first count of the indictment.
Defendant is a captain in the police department of West New York and in charge of its detective bureau. The grand jury returned an indictment in two counts which, because of its importance in the instant proceeding, is quoted at length. The first count was as follows:
"Chris Gleitsmann, on or about the twenty-sixth and twenty-seventh days of October, 1956, in the town of West New York, in the County of Hudson aforesaid and within the jurisdiction of this Court, the said Chris Gleitsmann being then and there a public officer, to wit, a duly appointed and qualified member of the police department of the town of West New York, then and there assigned as a captain in the detective bureau of the police department of the town of West New York, thereby having the public duty of refraining from using and causing to be used any equipment, facilities and vehicles of the town of West New York for any business other than the official police business of the police department of the town of West New York, and having the public duty of refraining from using such equipment, facilities, and vehicles for his own personal and private affairs, he, the said Chris Gleitsmann did unlawfully and willfully in violation of aforesaid duties, on or about October 26th, 1956, place a phone call at the expense of the town of West New York from a phone in the West New York police station to a place in the County of Broome in the State of New York concerning an appointment to be arranged in the State of New York regarding business other than the official police business of the police department of the town of West New York, and did on or about October twenty-seventh, 1956, use and cause to be used an official police car of the town of West New York; and cause the said car to be driven from the town of West New York to a place in said Broome County in the State of New York and thence back to the town of West New York, to convey him, the said Chris Gleitsmann with regard to business other than the official police business of the police department of the town of West New York, and with regard to the personal and private affairs of the said Chris Gleitsmann, contrary to the provisions of N.J.S. 2A:85-1 and against the peace of this State, the Government and dignity of the same."
*358 The second count repeated the preliminary information contained in the first count, but then alleged that defendant had a "public duty" to refrain from using or causing to be used any equipment etc. of the Town of West New York, "for any improper and illegal purposes" and that in violation of this duty defendant committed the following acts:
"* * * placed a phone call at the expense of the town of West New York from a phone in the West New York police station to a place in the County of Broome, in the State of New York, and spoke to a police official of the State of New York regarding an appointment which was arranged in the State of New York, and the said Chris Gleitsmann did, on or about the twenty-seventh day of October, 1956, as a result of such appointment, use and cause to be used an official police car of the town of West New York, and cause the said car to be driven from the town of West New York to a place in said Broome County in the State of New York to convey him to said place in the State of New York for an improper and illegal purpose whereby he, the said Chris Gleitsmann, on or about the twenty-seventh day of October, 1956, did exhibit his badge as a police officer of the town of West New York, did inform police officials and personnel of the State of New York that he was sent there by the Director of Public Safety of the Town of West New York, and thereupon did improperly and illegally intercede in behalf of one Carmine Galente, a person with a criminal record, with police officials and personnel of the State of New York to induce them to aid the said Carmine Galente to avoid a jail sentence by reason of charges then and there pending against the said Carmine Galente in the Courts of the State of New York, and he, the said Chris Gleitsmann did then and there offer an improper and illegal cash consideration and bribe to such police officials and personnel towards the end that the said Carmine Galente would avoid a jail sentence on such charges, after all of which the said Chris Gleitsmann did cause said police car of the town of West New York to be driven back to the town of West New York, contrary to the provisions of N.J.S. 2A:85-1, and against the peace of this State, the Government and dignity of the same."
After the indictment had been returned defendant moved for a bill or particulars which was furnished by the State and which defined the private business, referred to in the first count, as the intercession on behalf of Galente referred to in the second count. Defendant then moved to dismiss the indictment on the sole ground "that the indictment does not charge a crime."
*359 Our examination of the record incontrovertibly reveals that at the hearing on May 15, 1958 defendant's argument in support of his motion was based solely on the ground that neither count charged a crime, and the State's initial answer thereto was consequently levelled solely against the correctness of the defendant's contention. It was during the State's argument in answer to that of the defendant that the court suddenly asked "why there are two counts in the indictment," and "what is the difference in the legal effect of these two counts in the indictment?" In the course of the ensuing colloquy between the court and the Deputy Attorney General the court said: "The gravamen of the charge here is that he used West New York's official property for his own personal purpose. Whether that personal purpose was in itself a legal or illegal purpose as I look at it from this point I see no distinction * * *." After further argument the trial court finally ruled:
"* * * I am constrained to believe that the First Count in this indictment is a valid legal count and I will deny the motion to dismiss it.
I am also satisfied that the Second Count of the indictment states the same alleged crime as is stated in the First Count. It is repetitious, it is surplusage and should be dismissed, and I grant the motion to dismiss the Second Count."
The Deputy Attorney General asked "leave to move to amend or to join both counts into one count stating he went there for a private, improper and illegal purpose * * *." To this defendant's counsel (who had theretofore taken no part in the discussion precipitated by the trial court's question) objected and the motion to combine the counts was denied.
Defendant's counsel expressed dissatisfaction with the court's ruling that the first count charged a crime and announced that he would appeal.
The order dated June 11, 1958, disposing of defendant's motion, is as follows:
"Application having been made to the court by Milton, McNulty & Augelli (Joseph Keane, Esq. appearing), for an order to dismiss *360 the First and Second Counts of the above numbered indictment, upon the ground that the same does not charge a crime; and the court, having considered the brief submitted by the defendant and the argument of the Deputy Attorney General, and being of the opinion that the motion to dismiss should be granted as to the Second Count of the indictment, and denied as to the First Count thereof;
It Is, thereupon, on this 11th day of June, 1958,
ORDERED, that the Second Count of the said indictment be and the same hereby is dismissed, and that the application to dismiss the First Count of said indictment be and the same hereby is denied."
It is noted that the above order contained no adjudication that the dismissal of the second count was based on a finding that it was "repetitious" or "surplusage" despite the court's prior, orally expressed opinion to that effect. The sole reason for the court's action expressed in said order was the statement that the defendant's application was "for an order to dismiss the First and Second Counts of the indictment, upon the ground that the same does not charge a crime," and the recital that the court was "of the opinion that the motion to dismiss should be granted as to the Second Count of the Indictment, and denied as to the First Count thereof."
Prior to the date of the actual entry of the aforesaid order of June 11, 1958, but after the hearing on defendant's motion on May 15, 1958 as aforesaid, the State gave written notice of a motion returnable May 29, 1958 to vacate the prior action of the court, and therein stated that it would "ask the Court to dismiss the first count of the indictment and vacate the order dismissing the second count of the indictment on the grounds that where counts in the indictment are repetitious, the State has the right of election to choose which count they should proceed upon." This motion was denied by the court and the aforesaid order dated June 17, 1958 reflecting such action was duly entered. Despite the aforesaid announcement by defendant's counsel at the hearing on May 15, 1958 that he intended to take an appeal from the trial court's refusal to dismiss the first count of the indictment, he elected not to do so. Consequently, the adjudication that the first count charged a *361 crime has not been the subject of further challenge by defendant. In his brief filed with us defendant, in contrast with his former position taken on May 15, 1958 in the trial court, does not contend that either count does not charge a crime. In fact, he now supports the action of the trial court permitting the first count to remain and striking the second count. He takes that position on the theory that the second count is repetitious. He states in his brief that "where the counts are identical and repetitious, the remedy is to strike one of them." (Emphasis supplied.) He asserts also that "[t]o expose the defendant in the instant case to a conviction on two counts of an indictment, where only one crime is alleged, would be to expose him to double jeopardy." (Emphasis supplied.)
The State contends in its brief that when the court struck the second count "it disposed of the stronger and more serious of the two counts." The State further asserts that it was the State's right to elect on which count it would proceed, and that the court by its action "usurped the prerogative of the State." It therefore asks that the trial court's action be reversed and that we "either allow the two counts of the indictment to stand, or order the consolidation of the two counts into one" or, in the alternative, "reverse the order of the Court dismissing the second count of the indictment and allow the State the right of election to proceed upon the second count only."
The basic crime charged in the two counts of the indictment is misconduct in office. Cf. In re Messano, 16 N.J. 142, 149 (1954); State v. Weleck, 10 N.J. 355, 366 (1952); State v. McFeeley, 136 N.J.L. 102, 107, 108 (Sup. Ct. 1947). The first count charged the wrongful use of municipal equipment for defendant's "personal and private affairs," and the second count charged its wrongful use "for an improper and illegal purpose" which is therein outlined in detail. The State is entitled to show at the trial, if it can, even under the first count, that the defendant's use of the municipal equipment for his "personal and private affairs," was for the "improper and illegal purpose" *362 outlined in the second count. The specified wrongful use of the equipment alleged in the second count defines and amplifies the nature of the use in the personal and private affairs of the defendant to which reference is made in the first count.
The State admitted in its bill of particulars and in the argument before the trial court that the facts it intended to prove in support of the first count would be the same facts alleged in the second count, but that did not entitle the trial court, under the circumstances here present, to dismiss the second count upon its own motion. Trial courts have been admonished not to dismiss indictments except "upon the clearest and plainest ground." State v. Weleck, supra, 10 N.J. at page 364. In advance of trial that is also true of counts in an indictment. Especially should the court not interfere sua sponte and without prior warning to the State and to the defendant. In a case in which the court thinks one count merely repeats another, but the State disagrees, it is usually advisable to defer action until the trial, when the openings and the testimony may better demonstrate whether the counts are indeed merely repetitious and, if so, which one is to be dismissed or withdrawn. If they are indeed repetitious and one is withdrawn or dismissed at an appropriate time during the trial, no harm is done to the defendant. Cf. State v. Perrella, 21 N.J. Super. 550 (App. Div. 1952). It appears to us that the reason the trial court fell into error here was because it considered the basic offense charged far more lightly than we do. This is evidenced by the fact that the court, in addressing defendant's counsel during the course of the argument on the motion to dismiss the indictment, said: "I am satisfied that however ridiculous it may seem or however portentous it may be to setting up an awful precedent  And I certainly am inclined to agree with you that matters like this should be handled by departmental procedure rather than indictment. Nevertheless I am constrained to believe that the First Count in this indictment is a valid legal count * * *."
*363 When we deal with the dismissal of an indictment or a count thereof we must assume that what is therein alleged is true. Therefore we are not dealing here with a trifling use of municipal property for a private purpose, which the trial court seemed to assume, but its use in and out of New Jersey for the shocking purpose alleged in the second count. By mentioning the use of the municipal property we do not mean to infer that a trip by a captain of detectives into another state for the purposes outlined in the second count, even in his own vehicle, is not official misconduct indictable in New Jersey. We express no opinion in that regard as the question is presently not before us. What we do hold here is that the trial court erred in dismissing the second count. The order of June 11, 1958 is set aside to the extent that it dismissed the second count of the indictment. The case is remanded for further action not inconsistent with this opinion.